

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2009

# Jerry Frith v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jerry Frith v. USA" (2009). *2009 Decisions.* Paper 451.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/451

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-163                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3071
_____

JERRY FRITH,
                                                    Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-01051)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Determination Whether a Certificate of Appealability Should Issue and for
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2009

Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed October 13, 2009)
_____

OPINION
_____

PER CURIAM

        Jerry Frith appeals pro se from an order of the United States District Court

for the District of New Jersey dismissing for lack of jurisdiction his habeas petition filed

1

pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm.

In 2002, Frith pleaded guilty in the United States District Court for the Southern District of New York to various drug and firearms offenses. He was sentenced to 181 months in prison.[1] Frith apparently did not file a direct appeal, and his motion pursuant to 28 U.S.C. § 2255 was unsuccessful. In March 2009, Frith filed the present § 2241 petition, alleging that the imposition of a consecutive sentence violated the holding of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).[2] The District Court dismissed the petition, concluding that Frith failed to demonstrate that § 2255 would be "inadequate or ineffective" to test the legality of his detention. Frith next filed a timely motion for reconsideration, which the District Court denied. Frith appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's dismissal. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented or that subsequent precedent or a

---

[1] Frith was sentenced to 60 months in prison for using a firearm during the commission of a drug trafficking offense, see 18 U.S.C. § 924(c)(1). That sentence ran consecutively to concurrent sentences for conspiracy to distribute a controlled substance (121 months in prison), 18 U.S.C. §§ 841(b)(1)(A) & 846, and possession of a firearm by a convicted felon (120 months in prison), see 18 U.S.C. § 922(g)(1).

[2] In Whitley, the Second Circuit found that a consecutive ten-year minimum sentence for discharge of a firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), did not apply to a defendant who was also subject to a fifteen-year minimum sentence provided by the Armed Career Criminal Act's "three strikes" rule under §§ 922(g)(1) and 924(e). See 529 F.3d at 158. We recently rejected this approach. See United States v. Abbott, 574 F.3d 203, 206-11 (3d Cir. 2009).

change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

The presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be "inadequate or ineffective." Okereke, 307 F.3d at 120. Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective; nor do AEDPA's restrictions on filing successive § 2255 motions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). We agree with the District Court that dismissal on jurisdictional grounds was proper because Frith's case does not fit within the narrow class of circumstances where a § 2255 motion would be inadequate or ineffective to challenge his conviction. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Frith's § 2241 petition.[3] See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[3] A certificate of appealability is denied, as one is not required to appeal from the denial of Frith's § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).